UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

                                                              Plaintiff,

                                                                                                   Case # 21-CV-6014-FPG

v.

                                                                                                   DECISION AND ORDER

$7,000.00 UNITED STATES CURRENCY,

                                               Defendant.
───────────────────────────────

## INTRODUCTION

Plaintiff, the United States of America, brought this *in rem* action for forfeiture of the above-listed property (the "Defendant property") seized from Lawrence J. Krieger. ECF No. 1. On June 4, 2021, the Clerk of Court filed an entry of default at Plaintiff's request. ECF Nos. 5, 6. Plaintiff now moves for a default judgment and order of forfeiture. ECF No. 7. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

The following is taken from the complaint, unless otherwise noted. On July 31, 2020, a package arrived at Krieger's office. The package was addressed to "Stephanie Angela Morales" at a California address, but had been returned as undeliverable to Krieger's office, which was listed as the return address. Believing it to be a package for one of his clients, Krieger opened the package and observed "three boxes of sealed playing cards." ECF No. 1 at 2. He found the package suspicious and decided to return it.

On August 3, 2020, Krieger returned the package to a local post office, and members of the United States Postal Inspection Service investigated the matter. Krieger told investigators that

he "did not think that the parcel was for any of his clients." *Id.* at 2. The investigators came to believe that the package might be related to drug trafficking. The complaint explains:

> Based on law enforcement training and experience, it is common for narcotics traffickers to use priority mail express to track their packages, control dispatch times and locations, and have a delivery made in one or two business days, and any delays in delivery could be an indication of interference by law enforcement. The subject parcel also did not require a signature upon delivery, and this is common among narcotics traffickers in an effort to keep the identity of the addressee unknown in the event that the address is being investigated by law enforcement. The postage . . . for the subject parcel was paid in cash, which is also a common method used by drug organizations to distance themselves from transactions in which drugs or proceeds from the sale of narcotics are mailed.

*Id.* at 3. The investigators enlisted the aid of a drug-sniffing dog, which positively alerted to the parcel. Investigators then opened the parcel[1] and discovered three sealed boxes of playing cards. Inside the boxes were "various amounts of cash folded in half." *Id.* There "were a mix of 20, 50, and 100 dollar bills[] totaling $7,000 in United States Currency." *Id.* at 4. Plaintiff alleges that the large number of $20 bills—150—is "significant" because "small denominations . . . are more commonly used than other denominations in drug trafficking." *Id.*

Administrative forfeiture proceedings were initiated against the Defendant property. Plaintiff then filed this action after Morales, through counsel, filed a motion to halt the administrative proceedings and refer the matter to judicial forfeiture proceedings. *Id.* Morales has not appeared in this action, however, and Plaintiff states that no other claims have been filed.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires

---

[1] Although Plaintiff alleges that a warrant was required to open the package, ECF No. 1 at 2-3, it is unclear whether investigators obtained a warrant before they did so. *See id.* at 3. To the extent a suppression issue may be implicated under these circumstances, *see generally In re 650 Fifth Avenue & Related Props.*, 830 F.3d 66, 98 (2d Cir. 2016), no one has raised it, and the court is under no obligation to consider the issue *sua sponte*. *See United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995).

a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action.  Fed. R Civ. P. 55(a).  Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(1)-(2).  The clerk's entry of default does not mean that default judgment is automatically warranted.  *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).  Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Id.*

Plaintiff invokes 21 U.S.C. § 881(a)(6) as the basis for forfeiture of the Defendant property. ECF No. 1 at 1.  Section 881 list a variety of property that is "subject to forfeiture to the United States," including "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," "all proceeds traceable to such an exchange," and "all moneys, . . . used or intended to be used to facilitate any violation of [federal drug laws]."  21 U.S.C. § 881(a)(6).  "If the [g]overnment seeks forfeiture pursuant to 21 U.S.C. § 881(a)(6) on a theory that property constitutes proceeds traceable to an exchange for narcotics," it must show, by a preponderance of the evidence, "that those proceeds have a substantial connection to drug trafficking."  *United States v. Approximately $447,420.00 in U.S. Currency*, No. 19-CV-3528, 2020 WL 821904, at *3-4 (E.D.N.Y. Feb. 3, 2020).  "The [g]overnment need not prove that there is a substantial connection between the property and any specific drug transaction; however, the [g]overnment must prove more generally, based on totality of the circumstances, that the property is substantially connected to narcotics trafficking."  *Id.* (internal quotation marks omitted).

In this case, Plaintiff has sufficiently pleaded that the Defendant property is subject to forfeiture. The circumstances are highly suspicious and suggestive of illegal trafficking activity. A large sum of money, including small-denomination bills commonly used in connection with drug trafficking, was concealed in boxes of playing cards. *See United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826, 829 (8th Cir. 2005) ("[E]vidence of concealment . . . supports a connection between the money and drug trafficking."). It was then packaged and sent by mail with a seemingly false return address. This is an unusual way to transfer money. *See United States v. $242,484.00*, 389 F.3d 1149, 1161 (11th Cir. 2004) ("A common sense reality of everyday life is that legitimate businesses do not transport large quantities of cash rubber-banded into bundles and stuffed into packages in a backpack. They don't, because there are better, safer means of transporting cash if one is not trying to hide it from the authorities."). The complaint alleges that the manner in which the package was sent—priority mail express, no signature upon delivery, postage paid in cash—also supports an inference that it was related to drug trafficking activity. ECF No. 1 at 2-3. Finally, a trained drug-sniffing dog detected the odor of a controlled substance from the package. *Id.* at 3; *see also United States v. Edwards*, 834 F.3d 180, 199 (2d Cir. 2016) (evidence supported finding that defendant engaged in narcotics trafficking or laundering of narcotics proceeds, where, among other things, "a trained police dog alerted to the odor of narcotics on the duffle bag containing the cash"). *But see United States v. $48,880, More or Less, in United States Currency*, No. 15-CV-364, 2018 WL 1404408, at *4 (W.D. Tex. Mar. 20, 2018) (discussing the debate over whether a "drug dog's alert to currency demonstrates that the currency is the proceeds of a drug transaction"). These allegations are sufficient to justify forfeiture.

In addition, Plaintiff has demonstrated that there is no claimant who may now assert an interest in the Defendant property. "Supplemental Federal Rule of Civil Procedure G governs

4

forfeiture actions." *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017) (summary order). "Any 'person who asserts an interest' in the property that is the subject of a forfeiture action 'may contest the forfeiture by filing a claim in the court where the action is pending.'" *Id.* at 13 (quoting Fed. R. Civ. P. G(5)(a)(i)). "Filing the claim under Rule G(5) confers statutory standing," and "[a] person seeking to challenge forfeiture therefore lacks statutory standing if he or she has not filed a claim pursuant to Rule G(5)." *Id.* Here, Plaintiff sent direct notice of the proceeding to Morales's attorney, in accordance with Rule G(4)(b)(i), and has published notice of the action on its official government forfeiture website, in accordance with Rule G(4)(a). Because neither Morales nor anyone else has filed a claim or appeared in this action, no potential claimant can now challenge the forfeiture. *See United States v. One 2012 Toyota Venza XLE*, No. 19-CV-928, 2020 WL 7407749, at *2-3 (N.D.N.Y. Oct. 15, 2020); *United States v. Two Hundred and Eighty Thousand Dollars and Zero Cents, More or Less, in United States Currency*, No. 20-CV-4442, 2021 WL 2980540, at *4 (E.D.N.Y. July 14, 2021).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a default judgment and order of forfeiture (ECF No. 7) is GRANTED. It is hereby

**ORDERED, ADJUDGED AND DECREED** that this Judgment of Default be entered against the Defendant property; and it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Defendant property is hereby forfeited to Plaintiff pursuant to 21 U.S.C. § 881(a)(6); and it is further

**ORDERED, ADJUDGED AND DECREED** that the United States Marshals Service shall dispose of the Defendant property in accordance with law; and it is further

**ORDERED, ADJUDGED AND DECREED** that any claims to the Defendant property are hereby forever barred.

The Clerk of Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: September 16, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court